IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

**Sandra L. Duhamel, Darlene L. Mandeville, Linda Barrett, Krystyna Kudyba,James H. Bailey, Richard Lenahan, Kenneth G. Burton, Michael L. Pepper, James E. Dorney, Paul M. and Guilhermina Aguiar, Anthony N. Lepore, Dennis and Lisa Isom**
**Plaintiffs,** : C.A.

**VS.** : CA 06 347 T

**AMERIQUEST MORTGAGE COMPANY** :
**Defendant** :

## COMPLAINT

### INTRODUCTION

1. This action seeks redress against Ameriquest Mortgage Company for violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") and implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226 .

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under 15 U.S.C. §1640 (TILA), and 28 U.S.C. §§1331 (general jurisdiction),1332 (diversity jurisdiction) and 1337 (interstate commerce).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) because Defendant does business in this District. Defendant is therefore deemed to reside in this District under 28 U.S.C. § 1391( c).

## PARTIES AND FACTS

### FACTS RELATING TO PLAINTIFF SANDRA L. DUHAMEL

4. Plaintiff Sandra L. Duhamel resides at 142 East Street, Pawtucket, RI 02860.

5. On or about January 13, 2005 Plaintiff Sandra L. Duhamel obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

6. The closing of said refinancing transaction was conducted by a title company named, Tapalian & Tadros, P.C. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

7. In connection with the transaction, Plaintiff Sandra L. Duhamel received or signed the following documents:

1. A note in the principal amount of $100,500;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 1;
5. A One Week Cancellation Period form; attached as Exhibit 2; and
6. A HUD-1 Settlement Statement.

8. On or about July 3, 2006 Plaintiff Sandra L. Duhamel exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 3.

9. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFF DARLENE L. MANDEVILLE**

10. Plaintiff Darlene L. Mandeville resides at 101 Beech Street, Woonsocket, RI 02895.

11. On or about September 16, 2005 Plaintiff Darlene L. Mandeville obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

12. The closing of said refinancing transaction was conducted by a title company named, Tapalian & Tadros, P.C. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

13. In connection with the transaction, Plaintiff Darlene L. Mandeville received or signed the following documents:

1. A note in the principal amount of $133,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as <u>Exhibit 4</u>;
5. A One Week Cancellation Period form; attached as <u>Exhibit 5</u>; and
6. A HUD-1 Settlement Statement.

14. On or about July 17, 2006 Plaintiff Darlene L. Mandeville exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as <u>Exhibit 6</u>.

15. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

## FACTS RELATING TO PLAINTIFF LINDA BARRETT

16. Plaintiff Linda Barrett resides at 1 Willow Glen Circle Unit 104, Warwick, RI 02889.

17. On or about July 30, 2005 Plaintiff Linda Barrett obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

18. The closing of said refinancing transaction was conducted by a title company named, Tapalian & Tadros, P.C. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

19. In connection with the transaction, Plaintiff Linda Barrett received or signed the following documents:

1. A note in the principal amount of $110,873;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 7;
5. A One Week Cancellation Period form; attached as Exhibit 8; and
6. A HUD-1 Settlement Statement.

20. On or about June 26, 2006 Plaintiff Linda Barrett exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 9.

21. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFF KRYSTYNA KUDYBA**

22. Plaintiff Krystyna Kudyba resides at 212 Noonseneck Hill Rd., Exeter, RI 02822.

23. On or about August 4, 2005 Plaintiff Krystyna Kudyba obtained a loan from Ameriquest, secured by her residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

24. The closing of said refinancing transaction was conducted by a title company named, Tapalian & Tadros, P.C. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

25. In connection with the transaction, Plaintiff Krystyna Kudyba received or signed the following documents:

1. A note in the principal amount of $250,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 10;
5. A One Week Cancellation Period form; attached as Exhibit 11; and
6. A HUD-1 Settlement Statement.

26. On or about June 21, 2006 Plaintiff Krystyna Kudyba exercised her extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 12.

27. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

## FACTS RELATING TO PLAINTIFF JAMES H. BAILEY

28. Plaintiff James H. Bailey resides at 156 Brookside Ave., West Warwick, RI 02889.

29. On or about January 13, 2005 Plaintiff James H. Bailey obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

30 . The closing of said refinancing transaction was conducted by a title company named, Tapalian & Tadros, P.C. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

31. In connection with the transaction, Plaintiff James H. Bailey received or signed the following documents:

1. A note in the principal amount of $150,227;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 13;
5. A One Week Cancellation Period form; attached as Exhibit 14; and
6. A HUD-1 Settlement Statement.

32. On or about July 17, 2006 Plaintiff James H. Bailey exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 15.

33. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

## FACTS RELATING TO PLAINTIFF RICHARD LENAHAN

34. Plaintiff Richard Lenahan resides at 73 Levesque Street, Warwick, RI 02886.

35. On or about November 9, 2005 Plaintiff Richard Lenahan obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

36. The closing of said refinancing transaction was conducted by a title company named, Tapalian & Tadros, P.C.. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

37. In connection with the transaction, Plaintiff Richard Lenahan received or signed the following documents:

1. A note in the principal amount of $238,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 16;
5. A One Week Cancellation Period form; attached as Exhibit 17; and
6. A HUD-1 Settlement Statement.

38. On or about July 17, 2006 Plaintiff Richard Lenahan exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 18.

39. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

## FACTS RELATING TO PLAINTIFF KENNETH G. BURTON

40. Plaintiff Kenneth G. Burton resides at 70 Berkeley Street, East Providence, RI 02914.

41. On or about November 7, 2005 Plaintiff Kenneth G. Burton obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

42. The closing of said refinancing transaction was conducted by a title company named, Tapalian & Tadros, P.C. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

43. In connection with the transaction, Plaintiff Kenneth G. Burton received or signed the following documents:

1. A note in the principal amount of $196,228;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as <u>Exhibit 19</u>;
5. A One Week Cancellation Period form; attached as <u>Exhibit 20</u>; and
6. A HUD-1 Settlement Statement.

44. On or about July 17, 2006 Plaintiff Kenneth G. Burton exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as <u>Exhibit 21</u>.

45. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

## FACTS RELATING TO PLAINTIFF MICHAEL L. PEPPER

46. Plaintiff Michael L. Pepper resides at 67 Walnut Street, Johnston, RI 02919.

47. On or about January 13, 2005 Plaintiff Michael L. Pepper obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

48. The closing of said refinancing transaction was conducted by a title company named, Tapalian & Tadros, P.C. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

49. In connection with the transaction, Plaintiff Michael L. Pepper received or signed the following documents:

1. A note in the principal amount of $240,500;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 22;
5. A One Week Cancellation Period form; attached as Exhibit 23; and
6. A HUD-1 Settlement Statement.

50. On or about June 26, 2006 Plaintiff Michael L. Pepper exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 24.

51. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

## FACTS RELATING TO PLAINTIFF JAMES E. DORNEY

52. Plaintiff James E. Dorney resides at 171 Edman Street, Warwick, RI 02886.

53. On or about November 25, 2005 Plaintiff James E. Dorney obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

54. The closing of said refinancing transaction was conducted by a title company named, Tapalian & Tadros, P.C. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

55. In connection with the transaction, Plaintiff James E. Dorney received or signed the following documents:

1. A note in the principal amount of $150,134;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as Exhibit 25;
5. A One Week Cancellation Period form; attached as Exhibit 26; and
6. A HUD-1 Settlement Statement.

56. On or about July 5, 2006 the Plaintiff James E. Dorney exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 27.

57. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that the Plaintiff received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFFS PAUL M. AGUIAR AND GUILHERMINA AGUIAR**

58. Plaintiffs Paul M. Aguiar and Guilhermina Aguiar reside at 31 Lydia Rd., Coventry, RI 02816.

59. On or about July 28, 2005 Plaintiffs Paul M. Aguiar and Guilhermina Aguiar obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

60. The closing of said refinancing transaction was conducted by a title company named, Tapalian & Tadros, P.C. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiffs' loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiffs as referenced herein.

61. In connection with the transaction, Plaintiffs Aguiar received or signed the following documents:

1. A note in the principal amount of $230,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 28;
5. A One Week Cancellation Period form; attached as Exhibit 29; and
6. A HUD-1 Settlement Statement.

62. On or about July 17, 2006 Plaintiffs Aguiar exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 30.

63. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiffs received accurate disclosures under the TILA.

**FACTS RELATING TO PLAINTIFF ANTHONY N. LEPORE**

64. Plaintiff Anthony N. Lepore resides at 16 Betsy Williams Circle, Johnston, RI 02919.

65. On or about January 1, 2005 Plaintiff Anthony N. Lepore obtained a loan from Ameriquest, secured by his residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

66. The closing of said refinancing transaction was conducted by a title company named, Tapalian & Tadros, P.C. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiff's loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiff as referenced herein.

67. In connection with the transaction, Plaintiff Anthony N. Lepore received or signed the following documents:

1. A note in the principal amount of $385,100;
2. A mortgage;
3. A Truth in Lending statement;
4. A notices of right to cancel, attached as Exhibit 31;
5. A One Week Cancellation Period form; attached as Exhibit 32; and
6. A HUD-1 Settlement Statement.

68. On or about June 19, 2006 Plaintiff Anthony N. Lepore exercised his extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice is attached as Exhibit 33.

69. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

## FACTS RELATING TO PLAINTIFFS DENNIS ISOM AND LISA ISOM

70. Plaintiffs Dennis Isom and Lisa Isom reside at 189 Ophelia Street, Providence, RI 02909.

71. On or about June 7, 2005 Plaintiffs Isom obtained a loan from Ameriquest, secured by their residence, for the purpose of debt consolidation. All of the proceeds of the loan were used for personal, family or household purposes.

72. The closing of said refinancing transaction was conducted by a title company named, Tapalian & Tadros, P.C. Upon information and belief said company is most knowledgeable with the facts and circumstances regarding the actual closing of the Plaintiffs' loan with Ameriquest, including but not limited to, the allegations regarding the completeness of the Notice of Right to Cancel given to the Plaintiffs as referenced herein.

73. In connection with the transaction, Plaintiffs Isom received or signed the following documents:

1. A note in the principal amount of $140,000;
2. A mortgage;
3. A Truth in Lending statement;
4. A notice of right to cancel, attached as <u>Exhibit 34</u>;
5. A One Week Cancellation Period form; attached as <u>Exhibit 35</u>; and
6. A HUD-1 Settlement Statement.

74. On or about July 3, 2006 Plaintiffs Isom exercised their extended right to rescind the loan for violations of TILA. A notice of rescission was sent to Ameriquest. A Copy of the notice

is attached as Exhibit 36.

75. Ameriquest has acknowledged receipt of the notice of rescission but refused to honor the request alleging that Plaintiff received accurate disclosures under the TILA.

**DEFENDANT**

76. Defendant Ameriquest is a National corporation with its principle place of business at 1100 Town and Country Road, Suite 900, Orange, CA 92868.

77. Ameriquest enters into more than 5 transactions per year in which credit is extended that is secured by the principal residence of a consumer and is used for purposes other than the initial acquisition or construction of the residence.

78. Ameriquest is therefore a creditor as defined in TILA and implementing Federal Reserve Board Regulation Z.

79. Ameriquest is what is commonly known as a "subprime" lender, targeting persons who have or who believe they have impaired credit.

**COUNT I - TRUTH IN LENDING ACT**

80. Plaintiffs incorporate ¶¶ 1-75 as if fully set out herein.

81. Because all of the refinance transactions referenced herein were secured by Plaintiffs' home, and were not entered into for purposes of the initial acquisition or construction of that home, they were subject to the right to cancel provided by 15 U.S.C. §1635 and 12 C.F.R. §226.23.

82. The copies of the notice of right to cancel actually delivered to each of the Plaintiffs referenced herein were materially confusing and therefore, defective in that they did not specify the date of the transaction and the date of the expiration of the rescission period.

83. By failing to indicate the date by which the right to cancel had to be exercised Ameriquest failed to give each of the Plaintiffs clear and conspicuous notice of their right to cancel, in violation of 15 U.S.C. §1635 and 12 C.F.R. § 226.23. Accordingly, Plaintiffs are entitled to exercise their extended right to rescind their loans under the TILA.

84. In the alternative, the Plaintiffs allege that any material disclosures deemed to be received by them were nevertheless defective for the following reasons: (1) The One Week Cancellation Period form (see attached Exhibits) detracts from and obfuscates the Notice of Right to Cancel (see attached Exhibits) since it suggests that the consumer has seven days to rescind under TILA, which is not the case. The provision of an ostensibly longer rescission period may cause a consumer to delay past the statutory three days, without recognizing that the extended period is purely contractual without benefit of the TILA damages and protections of § 1635. The One Week Cancellation Period form also provides for a different method of calculating days and requires actual receipt of the notice by Ameriquest within the specified time. The provision of two inconsistent and confusing notices to cancel violates the "clear and conspicuous" disclosures requirement of 15 U.S.C. § 1635 and 12 C.F.R. § 226.23; (2) 15 U.S.C.

85. 15 U.S.C. § 1635(g) provides that a court may award damages under section 1640 in addition to rescission.

86. The failure of the Defendant to honor/respond to the notice of rescission is a separate violation of 15 U.S.C. § 1640 (a) entitling the Plaintiffs to an award of statutory damages.

**WHEREFORE**, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant Ameriquest as follows:

1. A declaration that Plaintiffs are entitled to rescind;

2. Rescission of the loan;
3. Statutory damages;
4. Attorney's fees, litigation expenses and costs.
5. Such other relief as the Court deems appropriate.

Respectfully submitted,

Christopher M. Lefebvre
Claude Lefebvre, Christopher Lefebvre P.C.
P.O. Box 479
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (FAX)
Bar # 4019

**JURY DEMAND**

Plaintiffs demand trial by jury.

Christopher M. Lefebvre