# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SANDRA L. DUHAMEL, DARLENE L. MANDEVILLE, LINDA BARRETT, KRYSTYNA KUDYBA, JAMES H. BAILEYK, RICHARD LENAHAN, KENNETH G. BURTON, MICHAEL L. PEPPER, JAMES E. DORNEY, PAUL M. and GUILHERMINA AGUIAR, ANTHONY N. LEPORE, DENNIS and LISA ISOM<br>Plaintiffs,<br><br>v.<br><br>AMERIQUEST MORTGAGE COMPANY,<br>Defendant. | C.A. No. 06-347 T |

## ANSWER TO COMPLAINT

Defendant Ameriquest Mortgage Company ("Ameriquest") by its undersigned attorneys hereby answer the Complaint brought by Sandra L. Duhamel and others.

Except as expressly admitted or denied herein below, Ameriquest is without knowledge or information to form a belief as to the truth of the allegations of each and every paragraph of the Complaint.

## INTRODUCTION

1. Paragraph 1 of the Complaint contains Plaintiffs' characterization of this action to which no responsive pleading is required.

## JURISDICTION AND VENUE

2. Paragraph 2 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest does not contest the Court's subject matter jurisdiction over this matter.

3. Paragraph 3 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest does not contest the venue is proper in this district.

**PARTIES AND FACTS**

**Facts Relating To Plaintiff Sandra L. Duhamel**

4. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Ameriquest admits that on or about January 13, 2005, Plaintiff Sandra L. Duhamel became the obligor and mortgagor under a certain note and mortgage on property located at 142 East Street, Pawtucket, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the Complaint.

6. Ameriquest admits that the closing was conducted by Tapalian & Tadros, P.C. but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Ameriquest admits that Plaintiff Sandra L. Duhamel received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $100,500.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 7 of the Complaint.

8. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 3 to the Complaint and that the document speaks for itself as to its content. Ameriquest

denies that Plaintiff Sandra L. Duhamel has an extended right to rescission and denies that her purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 8 of the Complaint.

9. Ameriquest admits the allegations of paragraph 9 of the Complaint.

**Facts Relating To Plaintiff Darlene L. Mandeville**

10. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint.

11. Ameriquest admits that on or about September 16, 2005, Plaintiff Darlene L. Mandeville became the obligor and mortgagor under a certain note and mortgage on property located at 101 Beech Street, Woonsocket, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11 of the Complaint.

12. Ameriquest admits that the closing was conducted by Tapalian & Tadros, P.C. but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Ameriquest admits that Plaintiff Darlene L. Mandeville received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $133,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 13 of the Complaint.

14. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 6 to the Complaint and that the document speaks for itself as to its content. Ameriquest

denies that Plaintiff Darlene L. Mandeville has an extended right to rescission and denies that her purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 14 of the Complaint.

15. Ameriquest admits the allegations of paragraph 15 of the Complaint.

**Facts Relating To Plaintiff Linda Barrett**

16. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Ameriquest admits that on or about July 30, 2005, Plaintiff Linda Barrett became the obligor and mortgagor under a certain note and mortgage on property located at 1 Willow Glen Circle, Unit 104, Warwick, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 17 of the Complaint.

18. Ameriquest admits that the closing was conducted by Tapalian & Tadros, P.C. but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. Ameriquest admits that Plaintiff Linda Barrett received or signed certain documents, including but not limited to, a Fixed Rate Note in the principal amount of $110,873.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 19 of the Complaint.

20. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 9 to the Complaint and that the document speaks for itself as to its content. Ameriquest

denies that Plaintiff Linda Barrett has an extended right to rescission and denies that her purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 20 of the Complaint.

21. Ameriquest admits the allegations of paragraph 21 of the Complaint.

**Facts Relating To Plaintiff Krystyna Kudyba**

22. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint.

23. Ameriquest admits that on or about August 4, 2005, Plaintiff Krystyna Kudyba became the obligor and mortgagor under a certain note and mortgage on property located at 212 Nooseneck Hill Road, Exeter, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 23 of the Complaint.

24. Ameriquest admits that the closing was conducted by Tapalian & Tadros, P.C. but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25. Ameriquest admits that Plaintiff Krystyna Kudyba received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $250,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 25 of the Complaint.

26. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 12 to the Complaint and that the document speaks for itself as to its content. Ameriquest

denies that Plaintiff Krystyna Kudyba has an extended right to rescission and denies that her purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 26 of the Complaint.

27. Ameriquest admits the allegations of paragraph 27 of the Complaint.

**Facts Relating To Plaintiff James H. Bailey**

28. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Complaint.

29. Ameriquest admits that on or about January 13, 2005, Plaintiff James J. Bailey became the obligor and mortgagor under a certain note and mortgage on property located at 156 Brookside Avenue, West Warwick, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 29 of the Complaint.

30. Ameriquest admits that the closing was conducted by Tapalian & Tadros, P.C. but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint.

31. Ameriquest admits that Plaintiff James H. Bailey received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $150,227.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 31 of the Complaint.

32. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 15 to the Complaint and that the document speaks for itself as to its content. Ameriquest

denies that Plaintiff James H. Bailey has an extended right to rescission and denies that his purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 32 of the Complaint.

33. Ameriquest admits the allegations of paragraph 33 of the Complaint.

**Facts Relating To Plaintiff Richard Lenahan**

34. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint.

35. Ameriquest admits that on or about November 9, 2005, Plaintiff Richard Lenahan became the obligor and mortgagor under a certain note and mortgage on property located at 73 Levesque Street, Warwick, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 35 of the Complaint.

36. Ameriquest admits that the closing was conducted by Tapalian & Tadros, P.C. but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 36 of the Complaint.

37. Ameriquest admits that Plaintiff Richard Lenahan received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $238,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 37 of the Complaint.

38. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 18 to the Complaint and that the document speaks for itself as to its content. Ameriquest

denies that Plaintiff Richard Lenahan has an extended right to rescission and denies that his purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 38 of the Complaint.

39. Ameriquest admits the allegations of paragraph 39 of the Complaint

**Facts Relating To Plaintiff Kenneth G. Burton**

40. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Complaint.

41. Ameriquest admits that on or about November 7, 2005, Plaintiff Kenneth G. Burton became the obligor and mortgagor under a certain note and mortgage on property located at 70 Berkeley Street, East Providence, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 41 of the Complaint.

42. Ameriquest admits that the closing was conducted by Tapalian & Tadros, P.C. but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Complaint.

43. Ameriquest admits that Plaintiff Kenneth G. Burton received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $196,228.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 43 of the Complaint.

44. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 21 to the Complaint and that the document speaks for itself as to its content. Ameriquest

denies that Plaintiff Kenneth G. Burton has an extended right to rescission and denies that his purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 44 of the Complaint.

45. Ameriquest admits the allegations of paragraph 45 of the Complaint.

**Facts Relating To Plaintiff Michael L. Pepper**

46. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint.

47. Ameriquest admits that on or about January 13, 2005, Plaintiff Michael L. Pepper became the obligor and mortgagor under a certain note and mortgage on property located at 67 Walnut Street, Johnston, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 47 of the Complaint.

48. Ameriquest admits that the closing was conducted by Tapalian & Tadros, P.C. but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 48 of the Complaint.

49. Ameriquest admits that Plaintiff Michael L. Pepper received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $240,500.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 49 of the Complaint.

50. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 24 to the Complaint and that the document speaks for itself as to its content. Ameriquest

denies that Plaintiff Michael L. Pepper has an extended right to rescission and denies that his purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 50 of the Complaint.

51. Ameriquest admits the allegations of paragraph 51 of the Complaint.

**Facts Relating To Plaintiff James E. Dorney**

52. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Complaint.

53. Ameriquest admits that on or about November 25, 2005, Plaintiff James E. Dorney became the obligor and mortgagor under a certain note and mortgage on property located at 171 Edman Street, Warwick, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 53 of the Complaint.

54. Ameriquest admits that the closing was conducted by Tapalian & Tadros, P.C. but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Complaint.

55. Ameriquest admits that Plaintiff James E. Dorney received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $150,134.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 55 of the Complaint.

56. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 27 to the Complaint and that the document speaks for itself as to its content. Ameriquest

denies that Plaintiff James E. Dorney has an extended right to rescission and denies that his purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 56 of the Complaint.

57. Ameriquest admits the allegations of paragraph 57 of the Complaint.

**Facts Relating To Plaintiffs Paul M. Aguiar and Guilhermina Aguiar**

58. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint.

59. Ameriquest admits that on or about July 28, 2005, Plaintiffs Paul M. Aguiar and Guilhermina Aguiar became the obligors and mortgagors under a certain note and mortgage on property located at 31 Lydia Road, Coventry, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 59 of the Complaint.

60. Ameriquest admits that the closing was conducted by Tapalian & Tadros, P.C. but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Complaint.

61. Ameriquest admits that Plaintiffs Paul M. Aguiar and Guilhermina Aguiar received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $230,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 61 of the Complaint.

62. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 30 to the Complaint and that the document speaks for itself as to its content. Ameriquest

denies that Plaintiffs Paul M. Aguiar and Guilhermina Aguiar have an extended right to rescission and deny that their purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 62 of the Complaint.

63. Ameriquest admits the allegations of paragraph 63 of the Complaint.

**Facts Relating To Plaintiff Anthony N. Lepore**

64. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Complaint.

65. Ameriquest admits that on or about January 5, 2005 (not January 1, 2005 as alleged in the Complaint), Plaintiff Anthony N. Lepore became the obligor and mortgagor under a certain note and mortgage on property located at 16 Betsy Williams Circle, Johnston, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 65 of the Complaint.

66. Ameriquest admits that the closing was conducted by Tapalian & Tadros, P.C. but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Complaint.

67. Ameriquest admits that Plaintiff Anthony N. Lepore received or signed certain documents, including but not limited to, a Fixed Rate Note in the principal amount of $385,100.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 67 of the Complaint.

68. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 33 to the Complaint and that the document speaks for itself as to its content. Ameriquest

denies that Plaintiff Anthony N. Lepore has an extended right to rescission and denies that his purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 68 of the Complaint.

69. Ameriquest admits the allegations of paragraph 69 of the Complaint.

**Facts Relating To Plaintiffs Dennis Isom and Lisa Isom**

70. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 of the Complaint.

71. Ameriquest admits that on or about June 7, 2005, Plaintiffs Dennis Isom and Lisa Isom became the obligors and mortgagors under a certain note and mortgage on property located at 189 Ophelia Street, Providence, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 71 of the Complaint.

72. Ameriquest admits that the closing was conducted by Tapalian & Tadros, P.C. but otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Complaint.

73. Ameriquest admits that Plaintiffs Dennis Isom and Lisa Isom received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $140,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 73 of the Complaint.

74. Ameriquest admits that it received the document, a copy of which is attached as Exhibit 36 to the Complaint and that the document speaks for itself as to its content. Ameriquest

denies that Plaintiffs Dennis Isom and Lisa Isom have an extended right to rescission and denies that their purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 74 of the Complaint.

75. Ameriquest admits the allegations of paragraph 75 of the Complaint.

**DEFENDANT**

76. Ameriquest states that it is a Delaware corporation with a principal place of business at 1100 Town & Country Road, Orange, California, 92868. Ameriquest denies the remaining allegations set forth in paragraph 76 of the Complaint.

77. Ameriquest admits that it makes residential mortgage loans, which are secured by real property and through which loans borrowers may finance the purchase of residential property or refinance their existing residential mortgage loans.

78. Paragraph 78 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest admits that it is a creditor within the meaning of the Truth-In-Lending Act ("TILA").

79. Ameriquest denies the allegations set forth in paragraph 79 of the Complaint.

**COUNT I – TRUTH-IN-LENDING ACT**

80. Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1-79 above.

81. Ameriquest denies the allegations set forth in paragraph 81 of the Complaint.

82. Ameriquest denies the allegations set forth in paragraph 82 of the Complaint.

83. Ameriquest denies the allegations set forth in paragraph 83 of the Complaint.

84. Ameriquest denies the allegations set forth in paragraph 84 of the Complaint.

85. Paragraph 85 consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest states that the statute referenced in paragraph 85 speaks for itself as to its content.

86. Ameriquest denies the allegations set forth in paragraph 86 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against Ameriquest.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred from recovering any relief by the doctrines of waiver, estoppel and ratification for any purported claim alleged in the Complaint,.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred or limited by the application of the doctrine of failure to mitigate damages.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable statutes of limitation, by the application of the doctrine of laches, by the doctrine of equitable subrogation and by the application of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by the applicable statute of frauds and/or the parol evidence role.

**SIXTH AFFIRMATIVE DEFENSE**

Any damages were the result of acts or omissions on the part of the Plaintiffs or third parties, the actions of which Ameriquest is not responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

Any claims by Plaintiffs under the federal Truth-In-Lending Act, 15 U.S.C. § 1635 et seq. are barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations or interpretations of the Federal Reserve Board.

**EIGHTH AFFIRMATIVE DEFENSE**

Any claims by Plaintiffs under the federal Truth-In-Lending Act., 15 U.S.C. § 635, et seq. are barred to the extent that the alleged violations were not intentional and resulted from a bona fide error notwithstanding the maintenance or procedures to avoid such error.

**NINTH AFFIRMATIVE DEFENSE**

Ameriquest is not liable for any claims by Plaintiffs because Ameriquest's conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

**TENTH AFFIRMATIVE DEFENSE**

Ameriquest hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend the Answer and assert such defenses.

WHEREFORE, Defendant Ameriquest Mortgage Company respectfully requests that the Court:

(i) Enter judgment in its favor on all counts of the Complaint;

(ii) Dismiss the Complaint with prejudice;

(iii) Award Ameriquest its costs and expenses, including attorneys' fees, incurred in this action.

(iv) Grant such other relief as to the Court seems meet and just.

## COUNTERCLAIM

Pursuant to Rule 13(e) of the Federal Rules of Civil Procedure, the Defendant/Counterclaimant, Ameriquest Mortgage Company ("Ameriquest") hereby brings this Counterclaim against each and every Plaintiff, and states:

1. Ameriquest is a Delaware corporation with its principal place of business in California and is qualified to do business in Rhode Island.

2. Upon information and belief, Plaintiff Sandra L. Duhamel resides in Pawtucket, Rhode Island and on or about January 13, 2005, she obtained a residential mortgage loan from Ameriquest in connection with property located at 142 East Street, Pawtucket, Rhode Island. On or about July 3, 2006, Plaintiff Sandra L. Duhamel sent Ameriquest a letter purporting to rescind her mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

3. Upon information and belief, Plaintiff Darlene L. Mandeville resides in Woonsocket, Rhode Island and, on or about September 16, 2005, she obtained a residential mortgage loan from Ameriquest in connection with property located at 101 Beech Street, Woonsocket, Rhode Island. On or about July 17, 2006, Plaintiff Darlene L. Mandeville sent Ameriquest a letter purporting her mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

4. Upon information and belief, Plaintiff Linda Barrett resides in Warwick, Rhode Island and, on or about July 30, 2005, she obtained a residential mortgage loan from Ameriquest in connection with property located at 1 Willow Glen Circle, Unit 104, Warwick, Rhode Island. On or about June 26, 2006, Plaintiff Linda Barrett sent Ameriquest a letter purporting to rescind her mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

5. Upon information and belief, Plaintiff Krystyna Kudyba resides in Exeter, Rhode Island and, on or about August 4, 2005, she obtained a residential mortgage loan from Ameriquest in connection with property located at 212 Nooseneck Hill Road, Exeter, Rhode Island. On or about June 21, 2006, Plaintiff Krystyna Kudyba sent Ameriquest a letter purporting to rescind her mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

6. Upon information and belief, Plaintiff James H. Bailey resides in West Warwick, Rhode Island and, on or about January 13, 2005, he obtained a residential mortgage loan from Ameriquest in connection with property located at 156 Brookside Avenue, West Warwick, Rhode Island. On or about July 17, 2006, Plaintiff James H. Bailey sent Ameriquest a letter purporting to rescind his mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

7. Upon information and belief, Plaintiff Richard Lenahan resides in Warwick, Rhode Island and, on or about November 9, 2005, he obtained a residential mortgage loan from Ameriquest in connection with property located at 73 Levesque Street, Warwick, Rhode Island. On or about July 17, 2006, Plaintiff Richard Lenahan sent Ameriquest a letter purporting to rescind his mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

8. Upon information and belief, Plaintiff Kenneth G. Burton resides in East Providence, Rhode Island and, on or about November 7, 2005, he obtained a residential mortgage loan from Ameriquest in connection with property located at 70 Berkeley Street, East Providence, Rhode Island. On or about July 17, 2006, Plaintiff Kenneth G. Burton sent Ameriquest letter purporting to rescind his mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

9. Upon information and belief, Plaintiff Michael L. Pepper resides in Johnston, Rhode Island and, on or about January 13, 2005, he obtained a residential mortgage loan from Ameriquest in connection with property located at 67 Walnut Street, Johnston, Rhode Island. On or about June 26, 2006, Plaintiff Michael L. Pepper sent Ameriquest a letter purporting to rescind his mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

10. Upon information and belief, Plaintiff James E. Dorney resides in Warwick, Rhode Island and, on or about November 25, 2005, he obtained a residential mortgage loan from Ameriquest in connection with property located at 171 Edman Street, Warwick, Rhode Island. On or about July 5, 2006, Plaintiff James E. Dorney sent Ameriquest a letter purporting to rescind his mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

11. Upon information and belief, Plaintiffs Paul M. Aguiar and Guilhermina Aguiar reside in Coventry, Rhode Island and, on or about July 28, 2005, they obtained a residential mortgage loan from Ameriquest in connection with property located at 31 Lydia Road, Coventry, Rhode Island. On or about July 17, 2006, Plaintiffs Paul M. Aguiar and Guilhermina Aguiar sent Ameriquest a letter purporting to rescind their mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

12. Upon information and belief, Plaintiff Anthony N. Lepore resides in Johnston, Rhode Island and, on or about January 5, 2005, he obtained a residential mortgage loan from Ameriquest in connection with property located at 16 Betsy Williams Circle, Johnston, Rhode Island. On or about June 19, 2006, Plaintiff Anthony N. Lepore sent Ameriquest a letter purporting to rescind his mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

13. Upon information and belief, Plaintiffs Dennis Isom and Lisa Isom reside in Providence, Rhode Island and, on or about June 7, 2005, they obtained a residential mortgage loan from Ameriquest in connection with property located 189 Ophelia Street, Providence, Rhode Island. On or about July 3, 2006, Plaintiffs Dennis Isom and Lisa Isom sent Ameriquest a letter purporting to rescind their mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

14. All Plaintiffs have filed suit against Ameriquest alleging that Ameriquest had failed to adequately indicate the date by which Plaintiffs' rescission periods expired in connection with the subject loans.

15. Ameriquest has provided Plaintiffs with all required disclosures with respect to the subject loans, and Plaintiffs are not entitled to rescind their loans under 15 U.S.C. § 1635, Regulation Z § 226.23.

**COUNT I – DECLARATORY JUDGMENT PURSUANT TO DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201**

16. Ameriquest repeats and realleges the allegations set forth in paragraphs 1-15 above.

17. By virtue of Plaintiffs' claims of extended rescission, an actual controversy has arisen and exists between Ameriquest and each and every Plaintiff regarding whether they have the right to rescind the subject loans under 15 U.S.C. § 1635, Regulation Z, § 226.23.

18. Plaintiffs allege that Ameriquest violated 15 U.S.C. § 1635, Regulation Z, § 226.23 by failing to disclose adequately the date by which Plaintiffs' rights to rescind expired on the Notice of Right to Cancel, which allegations Ameriquest denies.

19. Ameriquest has provided Plaintiffs with all required disclosures with respect to the subject loans, and Plaintiffs have no basis for rescission of the loans.

20. Ameriquest hereby seeks a declaration of the rights, duties and liabilities of the parties with respect to the Plaintiffs' letters of rescission, including, without limitation, a declaration that Plaintiffs are not entitled to rescind the subject loans.

**RELIEF REQUESTED**

WHEREFORE, Defendant/Counterclaimant Ameriquest Mortgage Company respectfully requests that the Court:

A. Enter a declaration that Plaintiffs are not entitled to rescind their mortgage loans with Ameriquest and that, alternatively, any such rescissions should require a mutual exchange of monies and property by the parties through escrow.

B. Award such additional relief as the Court may deem just and proper.

AMERIQUEST MORTGAGE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Steven E. Snow

Steven E. Snow (#1774) (ses@psh.com)
Carolyn P. Medina (#7109) (cpm@psh.com)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: September 28, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of September, 2006, I electronically filed the ANSWER TO COMPLAINT with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

Christopher M. Lefebvre, Esq.
Claude Lefebvre, Esq.

/s/ Steven E. Snow

878158_1/7511-30